IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DORIS A. NELSON,** | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11CV846 |
| | ) | |
| **SIRVA, Inc. and** | ) | |
| **Paige Personnel Services** | ) | |
|     Defendants. | ) | |

### COMPLAINT AT LAW

Now comes the Plaintiff, Doris A. Nelson, through her attorney, and for her Complaint against the defendants, SIRVA, Inc. and Paige Personnel Services, states the following:

*Jurisdiction*

1. The jurisdiction of this Court for these causes of action is invoked by 28 U.S.C. §§1331 and 1343.

2. The civil rights statutes pled in this case are Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e, *et seq.*; Age Discrimination in Employment Act, 29 U.S.C.§§621 *et seq.*; and the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. §1981(a).

3. The Plaintiff is a black woman of age 54 who resides in Oswego, Kendall County, Illinois.

4. SIRVA is a corporation doing business in Westmont, DuPage County, Illinois and has over 500 employees.

5. Paige Personnel Services is a company doing business in Chicago, Cook County, Illinois, and has 15-100 employees.

*Venue*

6. Venue in this district is proper under 28 U.S.C. §1391(a)(1), (2) and (3), and under the civil rights statutes set out above, including 42 U.S.C. §2000e-5(f).

**Count I - Race Discrimination under Title VII against SIRVA**

7. Doris Nelson is an African-American, 54 years old.

8. Doris worked at Paige Personnel Services in 2008, and was assigned by it to work at SIRVA in January 2008.

9. She started work on January 15, 2008 as an accounts payable clerk at SIRVA.

10. On March 18, 2008 Nelson's supervisor Kevin Culvermacher (white) held a meeting where he announced to his department that Ivanna (white) was leaving and that her position as a global expense specialist (GES) would be opening.

11. Nelson was interested in such position, and on March 19, 2008 she sent an e-mail to Kevin stating that she would like to apply for Ivanna's position, and asking Kevin to let her know when he would be interviewing for the job.

12. The job, by SIRVA records, was posted on March 18, 2008.

13. On March 19, 2008 Nelson also called Tricia (white) at Paige Personnel to tell her she was interested in the open GES position at SIRVA and to ask her if it was okay to pursue such job.

14. Tricia stated that to pursue such job was okay, and to let her know when beginning such job.

15. Another black woman, Angelique Rivers, aged in her 40's, also told Kevin that she was interested in the GES job.

16. Rivers was a full-time SIRVA employee, and Kevin brushed her off when she made such job inquiry.

17. Becky Hetman, white in her 20's, interviewed with Kevin on March 20, 2008, and on March 21, 2008, Kevin announced to his department that Becky was to fill Ivanna's GES position.

18. On March 25, 2008 Kevin approached Nelson and stated that Jerry (white) his boss was soon coming to Illinois and that Jerry had pulled Nelson's personnel file and stated to Kevin that he didn't know Nelson had that much experience but the GES position was already filled.

19. Kevin stated that another GES position was opening, and that he wanted Nelson to fill it.

20. On March 31, 2008 Cheryl from Paige Personnel called Nelson and told her SIRVA had asked for a pre-employment background check and drug test, and Nelson complied on April 1, 2008.

21. Nelson started training for this new GES job, but a co-worker, Ken Johnson (white), was impatient and short with her in April 2008.

22. Ken, Nelson, and Kevin had a meeting April 17, 2008 where Kevin told Ken that Nelson was to be the new GES.

23. Ken then apologized to Nelson stating that Kevin had not told him this before.

24. Knowing that Kevin's boss Jerry was soon coming to Illinois, Nelson sent an e-mail to Kevin on May 8, 2008 requesting that Kevin and Jerry clarify her employment status.

25. She also asked Kevin in this e-mail when her transition to GES would be made official, and asked to be able to talk to Jerry directly when he came to Illinois.

26. Jerry was in Illinois at SIRVA from May 12 to May 16, 2008 and her requests for a meeting with him were ignored.

27. On May 19, 2008 there was a meeting between Kevin, Christine Shanesy (white) and Nelson regarding work assignments.

28. At such meeting it became clear that Christine did not know about Nelson's GES position, and had become resentful due to Nelson's increased responsibility.

29. On the night of May 19th, 2008 Tricia from Paige Personnel called Nelson and told her that SIRVA had terminated her employment.

30. Tricia stated that no reason had been given at that time by SIRVA.

31. On May 20, 2008 Nelson had another conversation with Nelson where Tricia stated "we heard that you had contacted the EEOC," and asked her if she had told anyone such or contacted the EEOC.

32. Nelson replied to Tricia that she had, and Tricia then stated that she would not discuss anything else.

33. Nelson had told Angelique, Silvia (black, 50's) and Janet (black), employees in her department, that she was going to go to the EEOC regarding the GES matter.

34. Nelson later found out that SIRVA had terminated her job due to an alleged personality conflict.

35. Nelson also was told on or immediately after May 20, 2008 by Tricia at Paige that she could no longer come to the office at Paige and to have someone get her things.

36. Nelson filed a timely charge with the EEOC against SIRVA for race and age discrimination and retaliation, and against Paige for retaliation.

37. On November 8, 2010 Nelson received her right-to-sue letter from the EEOC, and files this action.

38. Nelson brings this action for race discrimination on the basis that she was not given consideration for the GES job received by a white employee, and that SIRVA violated its own procedures for filling jobs.

39. Nelson also states that Kevin misled her into believing that another GES job was available and that she was to be selected for such job.

40. When Nelson asked for confirmation of her GES job status she was fired.

41. Another black employee, Angelique, was also not considered for the GES job demonstrating the discrimination involved.

42. The reason given for Nelson's dismissal by SIRVA was a mere pretext.

Wherefore, due to such racial discrimination, Nelson asks for the following relief;

    A. SIRVA re-employ Nelson;

    B. SIRVA be directed to promote Nelson to the GES job;

    C. Back pay to May 2008 for the loss of the job;

    D. Costs and attorneys fees for maintaining this action; and

    E. Any other relief as may be appropriate.

## Count II - Retaliation under Title VII against SIRVA

1-42. Nelson re-states and incorporates by reference allegations of 1-42. of Count I as allegations 1-42 of Count II.

43. SIRVA retaliated against Nelson for stating that she was considering an EEOC claim, and the reason given by SIRVA for her dismissal was a mere pretext. She was engaging in a protected activity in considering an EEOC claim.

Wherefore, due to such retaliation, Nelson asks for the following relief:

    A. SIRVA re-employ Nelson;

    B. SIRVA be directed to promote Nelson to the GES job;

    C. Back pay to May 2008 for the loss of the job;

    D. Costs and attorneys fees for maintaining this action; and

    E. Any other relief as may be appropriate.

**Count III - Violation of 42 U.S.C. §1981(a) - Discrimination and Retaliation against SIRVA**

1-42. Nelson restates and incorporates by reference allegations of paragraphs 1-42 of Count I as allegations 1-42 of Count III.

43. §1981(a) states that black persons are entitled to all the protections of employment, including protection from discriminating discharge, promotion practices, hiring practices, and discharge.

44. Here Nelson was refused job consideration due to her race, and was retaliated against pursuant to a discharge against her for mentioning filing an EEOC claim, a protected activity.

Wherefore, due to such discrimination, Nelson asks for the following relief:

    A. SIRVA re-employ Nelson;

    B. SIRVA be directed to promote Nelson to the GES job;

    C.     Back pay to May 2008 for the loss of the job;

    D.     Front pay;

    E.     Costs and attorney's fees for maintaining this action;

    F.     Punitive damages for such intentional discrimination; and

    G.     Any other relief as may be appropriate.

### Count IV - Age Discrimination against SIRVA

1-42.    Nelson re-states and incorporates by reference the allegations of paragraphs 1-42 of Count I as paragraphs 1-42 of Count IV.

43.    Nelson was engaging in a protected activity in considering an EEOC claim against SIRVA, and Paige retaliated against her by discharging her from Paige and attempting to protect SIRVA.

44.    Nelson filed a charge and intake questionnaire with the EEOC regarding her age discrimination claim.

45.    Nelson was denied the GES position, being 51 years old at the time, and an employee in her 20's was hired instead, in violation of 29 U.S.C. §621, *et seq*.

Wherefore, due to such age discrimination, Nelson asks for the following relief;

    A.     SIRVA re-employ Nelson;

    B.     SIRVA be directed to promote Nelson to the GES job;

    C.     Back pay to May 2008 for the loss of the job;

    D.     Costs and attorneys fees for maintaining this action; and

    E.     Any other relief as may be appropriate.

### Count V - Retaliation against Paige under Title VII

1-42. Nelson re-states and incorporates by reference the allegations of paragraphs 1-42 of Count I as paragraphs 1-42 of Count V.

43. Nelson was engaging in a protected activity in considering an EEOC claim against SIRVA, and Paige retaliated against her by discharging her from Paige and attempting to protect SIRVA.

Wherefore, due to such retaliation, Nelson asks for the following relief;

    A.    Paige re-employ Nelson;

    B.    Nelson be paid back pay for loss of jobs from Paige;

    C.    Costs and attorneys fees for maintaining this action; and

    D.    Any other relief as may be appropriate.

### Count VI - Retaliation by Paige under 42 U.S.C. §1981

1-42. Nelson re-states and incorporates by reference the allegations of paragraphs 1-42 of Count I as the allegations of 1-42 of Count VI.

43. When Nelson discussed with other black employees that she was considering an EEOC claim, such information was passed to supervisory employees of Paige.

44. Such Paige employees asked Nelson whether she mentioned an EEOC claim, and when she replied that she had, Paige barred her from its offices and refused to employ her any longer.

45. Such discriminatory actions against Nelson when she was exercising a protected activity was clear retaliation by Paige in violation of 42 U.S.C. §1981.

Wherefore, Nelson asks for the following relief:

    A.    Paige re-employ Nelson;

    B.    Nelson be paid back pay for loss of jobs from Paige;

    C.    Costs and attorneys fees for maintaining

    D.    Punitive damages for such intentional discrimination; and

    E.    Any other relief that may be appropriate.

**PLAINTIFF DEMANDS TRAIL BY JURY**

*/s/ Steven T. Mann*

Doris A. Nelson
by her Attorney Steven Mann

Steven T. Mann
Law Office of Steven T. Mann
32114 Village Green Blvd.
Warrenville, IL 60555
(815) 975-0317
(630) 604-0043 (Fax)